SOLOMON V. GIFFORD, RESPONDENT, *v.* MARVIN SACK-
ETT, EXECUTOR, ETC., OF STEPHEN WATERMAN,
DECEASED, APPELLANT.

*Section* 399 *of Code of Procedure* — *what evidence inadmissible under.*

Under section 399 of the Code of Procedure one entitled to a legacy under a will, could not be examined as to personal transactions with the deceased, as against his executors, although her interest was adverse to that of the party calling her.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of referees. The plaintiff presented a claim against defendant's estate for services rendered by plaintiff and his wife, and for money expended. The claim was referred to referees, pursuant to statute.

By her father's will, plaintiff's wife is entitled for her life to interest on one-third of his personal estate remaining after the payment of his debts. Upon the hearing she was allowed, against defendant's objections, to testify to certain personal communications and transactions had by her with the testator.

*Horace R. Peck,* for the appellant.

*S. L. Magoun,* for the respondent.

LEARNED, P. J.:

It seems to be settled in this court, that under section 399 of the Code (in force at the time of the trial), the testimony of Mrs. Gifford was inadmissible.    She was entitled to a certain legacy under the will of the deceased.    Hence she was interested in the event of this action, and could not testify as to personal transactions with the deceased against his executor.    It is true that her interest was adverse to that of the person calling her as a witness. But it has been decided that this section makes no exception on that account.    (LeClare v. Stewart, 8 Hun, 127; Howell v. Taylor, 11 Hun, 214; Cornell v. Cornell, 12 Hun, 312.)

The judgment must be reversed, reference discharged, and a new trial granted; costs to abide the final order of the court.

Present — LEARNED, P. J.; BOARDMAN and WESTBROOK, JJ.

Judgment reversed; new trial granted; reference discharged; costs to abide event.